```
                              UNITED STATES DISTRICT COURT
                              SOUTHERN DISTRICT OF FLORIDA
                              CASE NO. 16-81030-CV-MIDDLEBROOKS
                              CASE NO. 11-80206-CR-RYSKAMP
                              MAGISTRATE JUDGE P.A. WHITE
```

LARRY DONNELL AUSTIN, JR.,        :

       Movant,                    :

v.                                :        **REPORT OF**
                                           **MAGISTRATE JUDGE**
UNITED STATES OF AMERICA,          :

       Respondent.                :
_____

## I. **Introduction**

This matter is before this Court on Movant's motion to vacate pursuant to 28 U.S.C. §2255, attacking his conviction and sentence entered in Case No. 11-CR-80206-RYSKAMP.

This Cause has been referred to the undersigned for consideration and report pursuant to 28 U.S.C. §636(b)(1)(B) and Rules 8 and 10 of the Rules Governing Section 2255 Cases in the United States District Courts.

The Court has reviewed the motion (Cv-DE#1)[1], Movant's *pro se* memorandum of law in support thereof (Cv-DE#4), Movant's *pro se* supplemental authorities (Cv-DE#8), the Federal Public Defender's Response to an order appointing counsel and setting briefing schedule (Cv-DE#9), the government's response (Cv-DE#13), Movant's counseled reply (Cv-DE#18), all pertinent portions of the

---

[1]Citations to "Cv-DE#__" reference the docket entries in the instant civil case number 16-cv-81030. Citations to "Cr-DE#__" reference the docket entries in the underlying criminal case number 11-cr-80206.

1

underlying criminal file, and the parties' supplemental Responses with updated legal authorities. (Cv-DE#s 30 and 31).

## II. <u>Claims</u>

Movant's sole claim in this proceeding is that his sentence under the Armed Career Criminal Act for the 18 U.S.C. §922(g) offense is unlawful in light of the Supreme Court's decision in <u>Johnson v. United States</u>, 135 S.Ct. 2551 (2015). (DE#s 1, 4).

## III. <u>Procedural History</u>

Movant was charged with possession of cocaine with intent to distribute, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C) **(Count 1);** possession with intent to distribute 28 grams of crack cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B) **(Count 2**); possession of a firearm after having been convicted of a felony offense, in violation of 18 U.S.C. §§ 922(g) and 924(e) **(Count 3);** possession with intent to distribute crack cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C) **(Count 4);** and possession of a firearm and ammunition after having been convicted of a felony offense, in violation of 18 U.S.C. §§ 922(g) and 924(e) **(Count 5)**. (Cr-DE#10).

Movant pled guilty to Counts 4 and 5 pursuant to a written agreement with the United States. (Cr-DE#28, 29). In exchange for Movant's guilty plea to those counts, the United States agreed not to charge Movant with violations of 18 U.S.C. § 924(c) for using and carrying firearms during and in connection with the drug offenses charged in the indictment or to file a sentencing enhancement notice under 21 U.S.C. § 851. (Cr-DE#29). The United States also agreed to dismiss the remaining counts at sentencing

2

(<u>Id</u>.).  The  plea  agreement  reflected  that  the  maximum  prison
penalties  were  20  years  for  Count  4;  and,  as  to  Count  5,  the
*mandatory minimum* sentence was 15 years with a maximum sentence of
up  to  life  and  that  those  sentences  may  be  imposed  consecutively  or
currently.  (<u>Id</u>.).  The  plea  agreement  was  accompanied  by  a
stipulated  statement[2]  of  facts  to  which  Movant  agreed  that  he
sustained  the  following  four  felony  convictions:

  a.   March 21, 2003, possession of cocaine *and*
       felony  fleeing  and  eluding,  case  no.
       02014175CVA02/03000040CFA02

  b.   May 19, 2003, sale of cocaine, case no.
       03CF005208A02

  c.   July 20, 2005, sale of cocaine, case no.
       05CF004223A02

  d.   July 8, 2008, possession with intent to
       sell  cocaine  and  possession  of  cocaine,
       case   nos.   07CF011382AMB   and
       2008CF002454AXX

(<u>Id</u>. at 9).  Certified criminal history records from the 15th
Judicial Circuit in and for Palm Beach County evidence that each of
these  felonies  occurred  prior  to  the  instant  case  and  were
punishable by imprisonment for a term exceeding one year. (<u>Id</u>.).
Movant also agreed that, had the matter proceeded to trial, the
government would prove that pursuant to a lawful search, law
enforcement  officials  recovered  a  Beretta  Model  U22  Neros  .22
caliber semi-automatic pistol loaded with eight live rounds, $683
in U.S. currency in denominations consistent with street level
narcotic  sales,  various  scales  and  packaging  materials,  and  an
amount of crack cocaine totaling 19 grams not consistent with a
personal use quantity of the substance. (<u>Id</u>. at 10-13).

---

[2]The statement of facts is found in its entirety at Cr-DE#29:8-13.

3

At his plea hearing Movant agreed that he understood the minimum and maximum penalties of his guilty plea: as to Count 4, a maximum term of up to 20 years, and as to Count 5, a mandatory minimum sentence of 15 years up to a maximum term of life and that those sentences could run consecutively. (Cv-DE#29-1:5-6). Pursuant to the Rule 11 colloquy, Movant understood that his guilty plea would waive most appellate rights, would deprive him of certain civil rights, and that he was waiving the rights of the accused including the right to plead not guilty, the right to a trial by jury, the right to confront witnesses, and the right to remain silent or to testify on his own behalf. (<u>Id</u>. at 6-8). Movant also agreed that the facts stipulated to in the statement of facts were accurate; and he then pled guilty. (<u>Id</u>. at 8). The court determined that Movant's plea was a knowing and voluntary plea supported by an independent basis in fact, accepted his plea, and adjudged him guilty of the offenses. (<u>Id</u>.).

A presentence investigation report was prepared prior to sentencing. Counts 4 and 5 were grouped and the offense level under U.S.S.G. §5K2.1 for Count 5 was used because it was higher than the offense level for Count 4 using §2D1.1. (PSI ¶¶ 19-20). The PSI assigned a base offense level of 24 under §2K2.1(a)(2) because Movant committed the firearms offense after he had been convicted of at least two felony convictions of either a crime of violence or a controlled substance offense (<u>Id</u>. at ¶21). The PSI noted that Movant had been convicted of the four qualifying felonies enumerated above. (<u>Id</u>.). Two levels were added under §2K2.1(B)(4)(A) because the firearm involved in the offense was stolen (<u>Id</u>. at ¶22); and four more levels were added because he possessed or used the firearm in connection with another felony offense. (<u>Id</u>. at ¶23). Accordingly, Movant's adjusted offense level is 30. (<u>Id</u>. at ¶27). However, because Movant is an armed career

4

criminal under 18 U.S.C. §924(e) and §4B1.4(a), his offense level
is 34 pursuant to §4B1.4(b)(3)(A). (Id. at ¶28). For Movant's
acceptance of responsibility, his offense level was decreased by
two levels, pursuant to §3E1.1, and by one level pursuant to
§3E1.1(b). (PSI ¶¶ 29-30). Thus, Movant's total offense level is
31. (Id. at ¶31). Movant's extensive criminal[3] past garnered 30
criminal history points, which placed him in criminal history
category VI. (Id. at ¶68). Based on a total offense level of 31 and
a criminal history category of VI, Movant's guideline sentencing
range is 188 to 235 months of imprisonment. (Id. at ¶115). The
statutory maximum sentence for Count 4 is 20 years of imprisonment;
and the statutory penalty for Count 5 is a minimum term of 15 years
to a maximum term of life. (Id. at ¶114).

The PSI noted that without the benefit of his plea agreement,
Movant would have faced mandatory consecutive terms of imprisonment
for 18 U.S.C. § 924© offenses related to his possession of firearms

---

[3]This includes but is not limited to the nine criminal history points for
the convictions articulated above:

 1. Case Nos. 2003CF000040A and 2002CF014175A,
    possession of cocaine, for which Movant received
    2 criminal history points. (PSI ¶42).

 2. Case No. 2003CF005208A, sale of cocaine, for
    which Movant received 2 criminal history points.
    (PSI ¶43).

 3. Case No. 2005CF004223A, sale of cocaine, for
    which Movant received 2 criminal history points.
    (PSI ¶50).

 4. Case No. 2007CF011382A, possession of cocaine
    with intent to sell and possession of ecstasy,
    for which Movant received 3 criminal history
    points. (PSI ¶56).

Similarly, Movant received criminal history points for case no.
2008CF002454A, possession of cocaine, driving with suspended license, resisting
officer without violence, and leaving the scene of a crash, for which Movant
received 3 criminal history points. (PSI ¶60).

on the dates alleged in Counts 1 through 5 of his indictment. (Id. at ¶123). He also would have faced a statutory penalty of 30 years of imprisonment as to Count 4, if the government had not agreed to forgo the filing an enhancement under 21 U.S.C. § 851 (Id.).

Neither Movant nor the United States filed any objections to the PSI. (PSI Addendum; Cr-DE#38:2). Movant's sentencing hearing was held on July 12, 2012. (Cr-DE#38). Both parties agreed that the proper sentencing guideline is 188 to 235 months. (Id. at 2). Movant's counsel argued for a sentence at the low end of the guidelines including mitigating circumstances and the effect of the application of the ACCA. (Id. at 2-10). The United States deferred to the Court as to the appropriate sentence. (Id. at 11). When defense counsel was discussing Movant's criminal past in comparison to other defendants, the Court interjected, "I don't think I've ever seen anything similar to this." (Id. at 9). The Court noted that while Movant had 30 criminal history points, if probation had counted convictions that were over 10 years and "all of the nol. prosses because of a bigger package," Movant would have had 50 criminal history points. (Id. at 10). Before imposing sentence, the Court observed that it was "difficult to comprehend the depth" of Movant's prior criminal violations but ultimately imposed a 214-month concurrent sentence on both counts, which was in the middle of the guideline range. (Cr-DE#35; Cr-DE#38:11-12). The Court did not identify which of Movant's prior convictions supported his sentence under the ACCA. (Cr-DE#38).

After sentence was imposed, the Court asked if there were any objections to the Court's finding of facts or the manner in which sentence was pronounced. (Cr-DE#38:13). Movant's counsel objected to the "substantive reasonableness of the sentence" (Id.). The Court also advised Movant of his right to appeal (Id.), but no

6

appeal was filed. (See Case No. 11-80206-CR-RYSKAMP, docket).
Movant's judgment was imposed on July 12, 2012, and entered onto
the docket on July 16, 2012. (Cr-DE#35). His conviction became
final 14 days later.

Movant filed the instant habeas petition and a memorandum of
law asserting that his conviction is void in light of Johnson
because his conviction for fleeing and eluding does not qualify as
a violent felony and he has only two serious drug offenses
("2003CR005208A"[4] and "2007CF04382A"); thus, he does not have the
necessary predicate offenses to support his enhancement under the
ACCA. (Cv-DE#1 and Cv-DE#4:2-3). The court appointed counsel for
Movant and ordered an amended motion. (DE#6). Instead, appointed
counsel filed a "Response" to the Order asserting that the offense
of fleeing and eluding does not qualify as an ACCA predicate but
conceded that the PSI did not denominate which offenses supported
Movant's enhancement under the ACCA, three predicate convictions
for "serious drug offenses" can support an ACCA enhancement, and
asks the Court to rely only on the argument presented as to whether
there are three predicate prior convictions. (DE#9). The Court
accepted counsel's "Response" in lieu of an amended motion and
ordered the government to respond. (DE#11). The government
submitted its Response asserting, inter alia, that Movant's three
prior convictions for serious drug offenses supported the ACCA
enhancement as predicate offenses and that Movant was not sentenced
under the now-void-for-vagueness residual clause of the ACCA.
(DE#13). The government also submitted exhibits (state court
documents) evidencing that Movant was convicted and sentenced in
three cases for violating F.S. 893.13(1)(a)(1): (1) 2007CF011382A

---

[4]Movant's case no. apparently contains a typographical error using "CR"
rather than "CF." Movant is more than likely referring to case no. 2003CF005208A,
sale of cocaine, for which Movant received 2 criminal history points. (PSI ¶43).

(DE#16:2-7), (2) 2003CF005208A (DE#16:8-10), and (3) 2005CF004223A (DE#16:14-19). Movant's counsel filed a Reply. (DE#18).

This Court ordered the parties to provide supplemental responses with updated legal authorities in light of the evolving legal landscape post-<u>Johnson</u>; and parties complied. (DE#s30, 31). The Office of the Federal Public Defender contends that the deletion of the *mens rea* requirement of F.S. 893.101 prevents the use of the convictions as predicate drug offenses but concedes the Eleventh Circuit rejects those arguments; and counsel, at Movant's requests submits various authorities. (Cv-DE#30). The government submits <u>Beeman v. United States</u>, 871 F.3d 1215 (11th Cir. 2017) for the proposition that Movant fails to carry his burden on the merits under <u>Johnson</u> and in support of the conclusion that any <u>Mathis</u> claim is untimely and lacks merit. (Cv-DE#31).

## IV. <u>Procedural Bar</u>

The government argues that Movant's claim is procedurally barred. Specifically, the government argues that Movant failed to raise his <u>Johnson</u> claim either at trial or on direct appeal, and that Movant cannot satisfy either the cause-and-prejudice or the actual innocence exceptions to the procedural default rule.

As a general matter, a criminal defendant must assert an available challenge to a conviction or sentence on direct appeal or be barred from raising the challenge in a Section 2255 proceeding; <u>Greene v. United States</u>, 880 F.2d 1299, 1305 (11th Cir. 1989). It is well-settled that a habeas petitioner can avoid the application of the procedural default rule by establishing objective cause for

failing to properly raise the claim and actual prejudice resulting from the alleged constitutional violation. Murray v. Carrier, 477 U.S. 478, 485-86 (1986)(citations omitted); Spencer v. Sec'y, Dep't of Corr., 609 F.3d 1170, 1179-80 (11th Cir. 2010). To show cause, a petitioner "must demonstrate that some objective factor external to the defense impeded the effort to raise the claim properly in state court." Wright v. Hopper, 169 F.3d 695, 703 (11th Cir. 1999). Cause for not raising a claim can be shown when a claim "is so novel that its legal basis [wa]s not reasonably available to counsel." Bousley v. United States, 523 U.S. 614, 622 (1998). To show prejudice, a petitioner must show actual prejudice resulting from the alleged constitutional violation. United States v. Frady, 456 U.S. 152, 168 (1982); Wainwright v. Sykes, 433 U.S. 72, 84 (1977).

If a petitioner is unable to show cause and prejudice, yet another avenue exists for obtaining review of the merits of a procedurally defaulted claim. Under exceptional circumstances, a prisoner may obtain federal habeas review of a procedurally defaulted claim if such review is necessary to correct a fundamental miscarriage of justice, "where a constitutional violation has probably resulted in the conviction of one who is actually innocent." Murray, 477 U.S. at 495-96; see also Herrera v. Collins, 506 U.S. 390, 404 (1993); Kuhlmann v. Wilson, 477 U.S. 436 (1986). The actual innocence exception is "exceedingly narrow in scope" and requires proof of actual innocence, not just legal innocence. Id. at 496; see also Bousley, 523 U.S. at 623 ("'actual innocence' means factual innocence, not mere legal insufficiency"); Sawyer v. Whitley, 505 U.S. 333, 339 (1992)("the miscarriage of justice exception is concerned with actual as compared to legal innocence").

Where the Supreme Court explicitly overrules well-settled precedent and gives retroactive application to that new rule after a litigant's direct appeal, "[b]y definition" a claim based on that new rule cannot be said to have been reasonably available to counsel at the time of the direct appeal. <u>Reed v. Ross</u>, 468 U.S. 1, 17 (1984). That is precisely the circumstance here. <u>Johnson</u> overruled precedent, announced a new rule, and the Supreme Court gave retroactive application to that new rule. However, no actual prejudice that would result from finding a procedural default here because, as set forth *infra*, Movant has three convictions for "serious drug offenses" that still qualify as ACCA predicates after <u>Johnson</u>. Accordingly, Movant cannot establish cause-and-prejudice overcome the procedural bar.

## V. Discussion

*A. The Armed Career Criminal Act (ACCA) and Application of <u>Johnson v. United States</u>, 135 S.Ct. 2551 (2015)*[5]

Under the Armed Career Criminal Act of 1984 ("ACCA"), a defendant convicted of being a felon in possession of a firearm faces a more severe punishment if he or she has three or more convictions for a "violent felony" or "serious drug offense," or both, committed on occasions different from one another. The ACCA defines "violent felony" any crime punishable by imprisonment exceeding one year that:

---

[5]Because, as set forth above, the Court's conclusion that Movant cannot overcome the procedural bar to his <u>Johnson</u> claim turns on whether Movant's claim ultimately has any merit, the Court addresses the merits of that claim.

      (I)  has as an element the use, attempted use, or
            threatened use of physical force against the person
            of another; or

      (ii)  is burglary, arson, or extortion, involves use of
            explosives, or otherwise involves conduct that
            presents a serious potential risk of physical
            injury to another.

18 U.S.C. § 924(e)(2)(B). The first prong of this definition is referred to as the "elements clause," while the second prong contains the "enumerated crimes clause." See United States v. Fritts, 841 F.3d 937 (11th Cir. 2016). The words "or otherwise involves conduct that presents a serious potential risk of physical injury to another" have come to be known as the Act's residual clause. Johnson v. United States, 135 S.Ct. 2551, 2555-56 (2015).[6]

Only the residual clause of the ACCA was invalidated by Johnson, 135 S.Ct. at 2563, because it was unconstitutionally vague. The remainder of the ACCA is valid. Therefore, a defendant is still subject to the enhancement of the ACCA if the predicate felonies meet the definitions of either the "elements clause" or the enumerated crimes clause" or if the predicate felonies are "serious drug offenses."

The Eleventh Circuit has made clear that in order to prove a Johnson claim, "a movant must establish that his sentence enhancement 'turn[ed] on the validity of the residual clause." In other words, he must show that the clause actually adversely affected the sentence he received. Beeman v. United States, 871

_____

     [6]Johnson was made retroactively applicable per Welch v. United States, 136 S.Ct. 1257 (2016).

F.3d 1215, 1221 (11th Cir. 2017) citing <u>In re Thomas</u>, 823 F.3d 1345, 1349 (11th Cir. 2016). "Only if the movant would not have been sentenced as an armed career criminal absent the existence of the residual clause is there a <u>Johnson</u> violation. That will be the case only (1) if the sentencing court relied solely on the residual clause, as opposed to also or solely relying on either the enumerated offenses clause or elements clause (neither of which were called into question by <u>Johnson</u>) to qualify a prior conviction as a violent felony, and (2) if there were not at least three other prior convictions that could have qualified under either of those two clauses as a violent felony, or as a serious drug offense." <u>Beeman v. United States</u>, 871 F.3d at 1221.

Here, Movant was subjected to an enhanced penalty as an Armed Career Criminal under the ACCA. <u>Johnson</u>, however, does not benefit Movant. Despite his assertions in his instant petition that he was convicted of only two serious drug offenses, at the time of his plea, Movant agreed he had at least *three* prior convictions for serious drug offenses qualifying him as an Armed Career Criminal under the ACCA.

"Serious drug offense" is defined in the ACCA as:

    (i)   an offense under the Controlled Substances Act (21
          U.S.C. 801 et seq.), the Controlled Substances
          Import and Export Act (21 U.S.C. 951 et seq.), or
          chapter 705 of title 46, for which a maximum term
          of imprisonment of ten years or more is prescribed
          by law; or

    (ii)  an offense under State law, involving
          manufacturing, distributing, or possessing with
          intent to manufacture or distribute, a controlled

> > substance (as defined in section 102 of the Controlled Substances Act (21 U.S.C. 802)), for which a maximum term of imprisonment of ten years or more is prescribed by law;

18 U.S.C. § 924(e)(2)(A). Nothing in <u>Johnson</u> calls into question predicating an ACCA enhancement upon a prior conviction for a "serious drug offense." <u>United States v. Darling</u>, 619 F. App'x 877, 880 (11th Cir. 2015) ("The Supreme Court's recent decision in <u>Johnson</u> ... has no bearing on Darling's sentence because he had more than three predicate convictions for "serious drug offenses" as defined in 18 U.S.C. § 924(e)(2)(A)(ii)"); <u>see</u> <u>also</u> <u>In re Rogers</u>, 825 F.3d 1335 (11th Cir. 2016)(When ... it is clear ... that each predicate conviction qualified under the ACCA's elements or enumerated crimes clause, or as a serious drug offense ... then [an application for authorization to file a second or successive §2255 motion] does not 'contain' a <u>Johnson</u> claim."); <u>In re Robinson</u>, 822 F.3d 1196 (11th Cir. 2016)("[T]he rule announced in <u>Johnson</u> does not benefit Robinson. Robinson's ACCA sentence was based on convictions for two serious drug offenses, as well as convictions for armed robbery and for aggravated battery with a firearm.").

Florida criminalizes both delivery of cocaine and delivery of cocaine within 1,000 feet of a school. Fla. Stat. § 893.13(1)(a)(1) and (c)(1). Both offenses carry maximum sentences of over 10 years imprisonment. Fla. Stat. §775.082. Binding circuit precedent, specifically holds, that "section 893.13(1) of the Florida Statutes is both a "serious drug offense," under 18 U.S.C. § 924(e)(2)(A), and a "controlled substance offense," U.S.S.G. § 4B1.2(b)." <u>United States v. Smith</u>, 775 F.3d 1262, 1268 (11th Cir. 2014) <u>cert</u>. <u>den'd</u>. by <u>Smith v. United States</u>, 135 S. Ct. 2827 (2015); <u>see also</u> <u>United States v. Hart</u>, 2018 U.S. App. LEXIS 20464, *4 (11th Cir., July 24,

2018) (unpublished). Moreover, "neither definition requires that a predicate state offense includes an element of *mens rea* with respect to the illicit nature of the controlled substance." Id.; United States v. Hunter, 2018 U.S. App. LEXIS 10913, *17, 2018 WL 1959527 (11th Cir., April 26, 2018)(unpublished)(such an argument is foreclosed by Smith, supra). These convictions are predicate serious drug offenses and are enough, standing alone, to qualify Movant for the ACCA enhancement. See In re Cruz, 2016 U.S. App. LEXIS 16156 *1 (11th Cir. 2016)(noting that the fact that these were juvenile adjudications as opposed to adult convictions did not change the outcome; accordingly, the convictions for violating F.S. 893.13(1)(a)(1) were predicate offenses which supported enhancement under the ACCA). See also In re Thomas, 2016 U.S. App. LEXIS 23616, *4 (11th Cir. 2016) (three convictions pursuant to F.S. 893.13(1)(a)(1) sufficed as three predicate felonies under the ACCA's elements clause and serious-drug-offenses clause of the ACCA; therefore, Movant could not benefit from the holding in Johnson).

### B. Reliance on Mathis v. United States, 136 S.Ct. 2243 (2016) and other Cases Cited.[7]

To the extent that Movant's petition attempts to rely on Mathis v. United States, 136 S.Ct. 2243 (2016), his reliance is misplaced. (See Cv-DE#s 8 and 18-1). In Mathis, the Supreme Court

---

[7]Movant asked his counsel to submit the following authorities on his behalf: United States v. Canty, 570 F.3d 1251 (11th Cir. 2009); Brooks v. United States, 723 Fed. Appx. 703 (11th Cir. 2018; Mays v. United States, 817 F.3d 728 (11th Cir. 2016); Welch v. United States, 136 S.Ct. 1257 (2016); Bryant v. Warden, 738 F.3d 1253 (11th Cir. 2013); United States v. Bragg, 694 Fed. Appx. 767 (11th Cir. 2017; United States v. Driver, 663 Fed. Appx. 915 (11th Cir. 2017); McCarthan v. Director of Goodwill Industries-Suncoast, Inc., 851 F.3d 1076 (11th Cir. 2017); and Petite v. United States, 2016 U.S. Dist. Lexis 94624 (July 20, 2016). (DE#30). The only case applicable here is Welch, which makes Johnson retroactively applicable.

reiterated the differences between divisible and indivisible statutes and emphasized that sentencing courts may only look to the elements of the state statute in determining whether a prior conviction qualifies as a predicate offense under the Armed Career Criminal Act ("ACCA"), whether they are applying the categorical or modified categorical approach. See generally Mathis, 136 S. Ct. 2243.

Movant's reliance on Mathis fails because the Court's holding in Mathis did not announce a "new rule of constitutional law." See 28 U.S.C. § 2255(h). Rather, the Supreme Court in Mathis merely provided guidance to courts in interpreting an existing criminal statute (the ACCA). See Mathis, 136 S. Ct. at 2248-57; see also In re Thomas, 823 F.3d 1345, 1349 (11th Cir. 2016) (holding that Descamps v. United States, 570 U.S. 254 (2013) did not announce a new rule of constitutional law because the Supreme Court merely provided guidance in interpreting the ACCA). Finally, the other cases on which Movant relies do not meet the statutory criteria of being new rules of constitutional law, as they are not Supreme Court decisions made retroactive to cases on collateral review. See 28 U.S.C. § 2255(h).

Accordingly, even though Movant's conviction for fleeing and eluding in case no. 2002CF014175A is not a violent felony under the ACCA[8], he would still have at least three serious drug offenses to support the ACCA enhancement. The Court did not identify which of Movant's prior convictions supported his sentence under the ACCA. (Cr-DE#38). Ultimately, since Movant cannot demonstrate that the

---

[8]See Sykes v. United States, 564 U.S. 1 (2011); United States v. Petite, 703 F.3d 1290 (11th Cir. 2013).

ACCA enhancement was imposed per application of the residual clause, his <u>Johnson</u> claim fails.

## VI. <u>Certificate of Appealability</u>

Rule 11(a) of the Rules Governing Section 2255 Proceedings provides that "the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and that if a certificate is issued, "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. §2253(c)(2)." Rule 11(a) further provides that "[b]efore entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." <u>Id.</u> Regardless, a timely notice of appeal must still be filed, even if the court issues a certificate of appealability. Rule 11(b), Habeas Rules.

A certificate of appealability may issue only upon a "substantial showing of the denial of a constitutional right." 28 U.S.C. §2253(c)(2). Where a §2255 movant's constitutional claims have been adjudicated and denied on the merits by the district court, the movant must demonstrate reasonable jurists could debate whether the issue should have been decided differently or show the issue is adequate to deserve encouragement to proceed further. <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 336-38 (2003); <u>Slack v. McDaniel</u>, 529 U.S. 473, 483-84 (2000). Where a §2255 movant's constitutional claims are dismissed on procedural grounds, a certificate of appealability will not issue unless the movant can demonstrate both "(1) 'that jurists of reason would find it debatable whether the [or motion] states a valid claim of denial of a constitutional right' and (2) 'that jurists of reason would find

16

it debatable whether the district court was correct in its procedural ruling.'" <u>Rose v. Lee</u>, 252 F.3d 676, 684 (4th Cir. 2001)(<u>quoting</u> <u>Slack</u>, 529 U.S. at 484). "Each component of the §2253© showing is part of a threshold inquiry, and a court may find that it can dispose of the application in a fair and prompt manner if it proceeds first to resolve the issue whose answer is more apparent from the record and arguments." <u>Slack</u>, 529 U.S. at 484-85.

Having determined that Movant's claims are barred on procedural grounds, the court considers whether Movant is nonetheless entitled to a certificate of appealability with respect to one or more of the issues presented in the instant motion. After reviewing the issues presented in light of the applicable standard, the court concludes that reasonable jurists would not find debatable the correctness of the court's procedural rulings. Accordingly, a certificate of appealability is not warranted. <u>See</u> <u>Slack</u>, 529 U.S. at 484-85 (each component of the §2253© showing is part of a threshold inquiry); <u>see also</u> <u>Rose</u>, 252 F.3d at 684.

## VII. <u>Conclusion</u>

Based upon the foregoing, it is recommended that the motion to vacate be DENIED, and that no certificate of appealability be issued.

Objections to this report may be filed with the District Judge within fourteen days of receipt of a copy of the report.

SIGNED this 15th day of August, 2018.

_____
UNITED STATES MAGISTRATE JUDGE

Copies furnished:

Robert E. Adler
Federal Public Defender's Office
450 Australian Avenue
Suite 500
West Palm Beach, FL 33401-5040

Brian K. Frazier
United States Attorney's Office
99 NE 4 Street
Miami, FL 33132
305-961-9009
Fax: 305-536-4675
Email: brian.frazier@usdoj.gov

Anne Ruth Schultz
United States Attorney's Office
99 NE 4 Street
Miami, FL 33132
305-961-9117
Fax: 530-7941
Email: anne.schultz@usdoj.gov